UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

FELICIANO ARMIJO, JR.                          CIVIL ACTION NO. 13-cv-3098
    LA. DOC #526376

VSERSUS                                                      JUDGE MINALDI

WARDEN LOUISIANA STATE
PENITENTIARY a/k/a BURL CAIN               MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Petitioner Feliciano Armijo, Jr., through counsel, filed the instant petition for writ of *habeas corpus* (28 U.S.C. § 2254) on November 15, 2013.   Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.   Petitioner attacks his 2007 conviction for aggravated rape and incest and the sentences imposed by the Thirty-Third Judicial District Court, Allen Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.   For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

On July 26, 2007, following a jury trial, petitioner was convicted of aggravated rape and aggravated incest.  Doc. 1, p. 1.  On September 25, 2007, the state trial judge sentenced him to life imprisonment for aggravated rape and fifteen years at hard labor for aggravated incest, sentences to run concurrently.  *Id.*

-1-

Petitioner appealed his conviction and sentence.  Doc. 1, p. 2.  On May 28, 2008, the Louisiana Third Circuit Court of Appeal affirmed his conviction and sentence. *State v. F.B.A.,* 07-1526, 983 So.2d 1006 (La. App. 3rd Cir. 5/28/08). Doc. 1, att. 1, pp. 4-19.  Thereafter, petitioner filed an application for writ of certiorari to the Louisiana Supreme Court.  Doc. 1, p. 2. On March 27, 2009, the Louisiana Supreme Court denied the application.  *State v. F.B.A.,* 2008-K-1464, 5 So.3d 138 (La. 3/27/09).  Doc. 1, att. 1, p. 20.   Petitioner did not seek further review in the United States Supreme Court.  Doc. 1, p. 3.

On June 22, 2010, petitioner, with assistance of counsel, filed an application for post-conviction relief in the 33th JDC.  Doc. 1, p. 3. On January 30, 2012, the trial court denied the application.  Doc. 1, att. 1, pp. 21-31.  On March 28, 2012, petitioner sought review of that judgment by filing an application for supervisory writs in the Third Circuit Court of Appeals. Doc. 1, att.1, p. 32.  The application was denied on May 15, 2013.  *Id.*  On June 18, 2013, petitioner filed an application for writs in the Louisiana Supreme Court. Doc. 1, pp. 4, 8, & 9. His writ application was denied on November 1, 2013. *State of Louisiana v. Feliciano B. Armijo*, 2013-KP-1425, 125 So. 3d 429 (La. 11/1/13).  Doc. 1, att.1, p. 33.

This petition was filed on November 15, 2013.  Doc. 1.

### *Law and Analysis*

### A. *Timeliness under § 2244(d)(1)(A)*

The instant petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

In keeping with the above, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking...[direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about June 27, 2009, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. Since petitioner's judgment of conviction became final for AEDPA purposes on June 27, 2009, petitioner had one year, or until June 27, 2010, to file his federal *habeas corpus* suit.

Petitioner then filed an application for post-conviction relief in the 33rd Judicial District Court on June 22, 2010.  He was thus able to toll the running of limitations pursuant to Section 2244(d)(2); however, by the time the application was filed, a period of 360 days of the 1-year period of limitation had elapsed. Tolling continued for the duration of the post-conviction

proceedings **but only if** petitioner sought supervisory review in a timely manner.  That point is of crucial importance here as petitioner's related writ application was untimely filed with the Louisiana Supreme Court.

In the state post-conviction proceedings the Louisiana Third Circuit Court of Appeal denied relief on May 15, 2013.  Thereafter, petitioner had thirty days, or until June 15, 2013, to challenge that judgment by filing a writ application with the Louisiana Supreme Court.  See Louisiana Supreme Court Rule X, § 5(a).  However, his application was filed on June 18, 2013, three days after the deadline expired, and it was therefore untimely.  In other words, petitioner's state post-conviction application ceased to be properly filed, and thus pending, so as to toll limitations pursuant to Section 2244(d)(2), when he failed to timely seek further collateral review in the Supreme Court following the Third Circuit's judgment denying writs. The Rule X deadline is calculated from the date that notice of judgment is mailed and it is presumed, in the absence of evidence to the contrary, that the court of appeal mailed notice of judgment to petitioner on the same date that judgment was rendered.  In the event that petitioner maintains that notice of judgment was mailed on some date other than May 15, 2013, he should provide proof thereof.

Clearly, having failed to submit his application for writs to the Louisiana Supreme Court within the thirty day period specified by that court's Rule X, § 5(a), petitioner's state post-conviction proceeding ceased to be properly filed and pending on either May 15, 2013 (the date of the court of appeal's judgment) or June 15, 2013 (the date that the Rule X deadline expired). See *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (Petitioner's application for post-conviction relief in Louisiana courts ceased to be properly filed for purposes of tolling the limitations period for filing federal habeas petition when petitioner failed to file his application for supervisory writ of review from denial of post-conviction relief with Louisiana Supreme

Court within thirty day period allowed by state court rule, as state court rule contained no exceptions or exclusions to time requirement and prohibited any extensions to thirty day period).

Further, as in *Williams*, this court need not decide whether the application in the Louisiana courts ceased to be pending when the intermediate appellate court denied his application for a supervisory writ or thirty days later, when his time for filing an application for a supervisory writ with the Louisiana Supreme Court expired under Rule X, § 5(a). Under either calculation, his petition is time-barred under the provisions of the AEDPA.  As previously stated, petitioner allowed a period of 360 days of the one-year period of limitation to elapse un-tolled from the date that his judgment became final until he filed for post-conviction relief.  Thus, he had only five days remaining of the limitations period. His post-conviction tolling period ended, at the latest, on June 15, 2013. Petitioner filed the instant petition on November 15, 2013, allowing another five months to go un-tolled and unquestionably exceeding the AEDPA's one-year limitation period.[1]

### 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872,

---

[1] The court notes that even if petitioner had timely filed his application on post-conviction relief with the Louisiana Supreme Court, thus tolling limitations until November 1, 2013, (the date that the Supreme Court denied writs) his federal *habeas* petition would still be untimely as more than five days passed un-tolled from November 1, 2013 to the filing date of November 15, 2013.

875 (5th Cir. 2006).  As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing alleged supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was actively misled by the State of Louisiana or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Equitable tolling does not apply.

### Conclusion

In the absence of any evidence warranting statutory or equitable tolling, the court finds that petitioner's *habeas* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 19th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE