RECEIVED
IN LAKE CHARLES, LA.
JAN 29 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FELICIANO ARIMIJO, JR., | * | CIVIL ACTION NO. 2:13-cv-3098 |
| Petitioner, | * | |
| v. | * | JUDGE MINALDI |
| WARDEN LOUISIAN STATE PENITENTIARY a/k/a BURL CAIN | * | |
| Respondent. | * | MAGISTRATE JUDGE KAY |

*************************************************************

## MEMORANDUM ORDER

Before the court is the Report and Recommendation [Doc. 6] of the Magistrate Judge, to which the petitioner has filed an Objection [Doc. 7]. For the following reasons, the Report and Recommendation [Doc. 6] be and hereby is **AMENDED, IN PART,** and as amended, **AFFIRMED.**

## FACTS & PROCEDURAL HISTORY

On July 26, 2007, the petitioner was convicted of aggravated rape and aggravated incest following a jury trial.[1] Then, on September 25, 2007, the petitioner was sentenced to life imprisonment for aggravated rape and fifteen years at hard labor for aggravated incest, the sentences to run concurrently.[2] The petitioner appealed both his conviction and his sentence.[3]

On May 28, 2008, the Louisiana Third Circuit Court of Appeal affirmed the petitioner's conviction and sentence.[4] The petitioner then filed an application for writ of certiorari to the

---

[1] Pet. for Writ of Habeas Corpus [Doc. 1], at 1.
[2] *Id.*
[3] *Id.*, at 2.
[4] *See State v. F.B.A.*, 983 So.2d 1006 (La. Ct. App. 2008).

1

Louisiana Supreme Court.[5] This application was denied on March 27, 2009.[6] Review was not sought in the Supreme Court of the United States.[7]

On June 18, 2010, the petitioner submitted his application for post-conviction relief to prison authorities.[8] The application was received and clocked into the court system on June 22, 2010,[9] and ultimately denied by the trial court on January 30, 2012.[10] On March 28, 2012, the petitioner sought review of the denial and applied for supervisory writs in the Third Circuit Court of Appeal for the State of Louisiana.[11] This application was denied on May 15, 2013.[12] Finally, petitioner sought review with the Louisiana Supreme Court.[13] Petitioner mailed the writ application to the Louisiana Supreme Court on June 14, 2013, and the writ package was delivered on June 17, 2013.[14] The writ application was thereafter denied on November 1, 2013.[15]

Petitioner then sought relief in this court on November 15, 2013.[16] The Magistrate Judge recommended that this petition be dismissed as untimely on November 19, 2014.[17]

## LAW & ANALYSIS

The petitioner objects to the Magistrate Judge's Report and Recommendation on the basis that the deadline for filing was not computed correctly, arguing that (1) the date that the conviction and sentence became final was April 10, 2009, and not March 27, 2009; (2) the date of the filing of the application for post-conviction relief was June 18, 2010; and (3) the writ

---

[5] Pet. for Writ of Habeas Corpus [Doc. 1], at 2.
[6] *See State v. F.B.A.*, 5 So.3d 138 (La. 2009).
[7] Pet. for Writ of Habeas Corpus [Doc. 1], at 3.
[8] Ex. 1 Offender Funds Withdrawal Request [Doc. 7], at 9.
[9] Pet. for Writ of Habeas Corpus [Doc. 1], at 3.
[10] Op. & J. on Def.'s Application for Post Conviction Relief [Doc. 1-1], at 21.
[11] Pet. for Writ of Habeas Corpus [Doc. 1], at 4.
[12] *Id.*
[13] *Id.*
[14] *See* Ex. 2 Express Mail Order [Doc. 7], at 11, and Ex. 3 USPS Track & Confirm [Doc. 7], at 12.
[15] *State v. Armijo*, 125 So.3d 429 (La. 2013).
[16] *See* Pet. for Writ of Habeas Corpus [Doc. 1].
[17] Report & Recommendation [Doc. 6].

package was timely. The crucial issue in this matter is when the petitioner's conviction and sentence became final because if the conviction sentence became final on March 27, 2009, then the petitioner's other arguments are moot.[18] The issues in a magistrate judge's report and recommendation are reviewed de novo by the district court. *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 211 (5th Cir. 2010).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244(d)(1)(A) to provide that a person in custody pursuant to the judgment of a state court is subject to a one-year period of limitation to file for a writ of habeas corpus, and that this period generally runs from the date on which the judgment became final. 28 U.S.C. § 28 U.S.C. 2244(d)(1)(A). Federal courts may raise the one-year time limitation sua sponte. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). The time during which a properly filed application for state post-conviction relief is not counted toward the period of limitation. *Ott v. Johnson*, 192 F.3d 510, 512 (citing 28 U.S.C. § 2244(d)(2)). However, lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1999)). A state court judgment is final for habeas purposes when the ninety-day period for filing a writ of certiorari the Supreme Court of the United States has expired. *See Ott*, 192 F.3d at 512-13.

Louisiana law does not dictate when a judgment is final for federal habeas purposes. *Foreman v. Dretke*, 383 F.35 336, 339 (5th Cir. 2004) ("AEDPA, not state law, determines when a judgment is final for federal habeas purposes."). "A conviction becomes final at the conclusion

---

[18] If the judgment became final on March 27, 2009, and the court adopts the petitioner's filing date of June 18, 2010, there is a lapse of 357 days between the date the conviction became final—June 26, 2009—and the date of filing for post-conviction relief. As will be explained, *infra*, the petitioner's current petition would still be untimely even if all of his other arguments were accepted.

3

of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs." *Causey v. Cain,* 450 F.3d 601, 606 (5th Cir. 2006) (citing *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003)).

The petitioner argues that the court should apply Louisiana Code of Criminal Procedure article 922(B) to determine when his conviction and sentence became final.[19] Article 922(B) provides that a judgment rendered by the Louisiana Supreme Court becomes final when the delay to apply for a rehearing has expired. LA. CODE CRIM. PROC. art. 922(B). The delay to apply for a rehearing is within fourteen days of the rendition of judgment. LA. CODE CRIM. PROC. 922(A). However, article 922(D) states that the judgment of the appellate court from which the writ of review is sought becomes final when the Louisiana Supreme Court denies the writ. LA. CODE CRIM. PROC. art. 922(D). Therefore, even if Louisiana law governs the date of the finality of the prisoner's sentence, the judgment of the appellate court became final on March 27, 2010—the date that the Louisiana Supreme Court denied the writ. The denial of a writ is not a judgment and therefore is not subject to article 922(B). Furthermore, the use of Louisiana Code of Criminal Procedure Article 922(B) to determine finality has been specifically rejected by the Fifth Circuit. *Causey,* 450 F.3d at 606 n. 8; *see also Scott v. Hubert,* 635 F.3d 659, 661 n. 3 (5th Cir. 2011).

Therefore, the petitioner's conviction and sentence became final on March 27, 2009, the date that the Louisiana Supreme Court denied his application for writ of certiorari. Time began tolling under the AEDPA on June 26, 2009.[20] Although the petitioner was represented during

---

[19] Objections to Magistrate's Report and Recommendation [Doc. 7], at 3.
[20] The petitioner had ninety days from the date his sentence became final—March 27, 2009—to file for review with the Supreme Court of the United States. According to Rule 13 of the Rules of the Supreme Court of the United States, the amount of time that one has to file a petition for writ of certiorari is ninety days, not three months, as has been previously used for calculation. Therefore, petitioner had until the end of the day on June 25, 2009 to file his petition for writ of certiorari.

4

this time period, it appears he submitted his application for post-conviction relief *pro se* on June 18, 2010. Without untangling whether the petitioner is given the benefit of the prison mailbox rule[21] under these circumstances, the court accepts June 18 as the date of filing out of an abundance of caution. A time period of 357 days elapsed between June 26, 2009, and June 18, 2010.[22] Assuming again that the petitioner is correct and that the writ application filed with the Louisiana Supreme Court was timely, the time period to file a petition for a writ of habeas corpus started running again on November 1, 2013, the date that the petitioner's writ application was denied. Even after accepting the petitioner's arguments concerning the filing dates, the latest filing date for a petition for writ of habeas corpus under the AEDPA was November 12, 2013.[23] The petition before the court was filed on November 15, 2013, and is therefore untimely.[24]

**IT IS ORDERED** that the Report and Recommendation [Doc. 6] be and hereby is **AMENDED, IN PART,** and as amended, **AFFIRMED.**

**IT IS FURTHER ORDERED** that the petitioner's petition for writ of habeas corpus [Doc. 1] be and hereby is **DENIED.**

---

[21] *See Causey,* 450 F.3d at 604-07 (applying Louisiana law and holding that a *pro se* petitioner's application for direct review was filed at the moment it was delivered to prison authorities).
[22] As is standard, this calculation excludes the first day of the period and includes the last day of the period. *See* FED. R. CIV. PRO. 6.
[23] November 9, 2013, was a Saturday, and Veterans Day was November 11, 2013. In accordance with Federal Rule of Civil Procedure 6(a)(1)(C), when the last day of a period is a Saturday, the time period continues to run until the ned of the next day that is not a Saturday, Sunday, or legal holiday.
[24] The court herein adopts the Magistrate Judge's findings with respect to the applicability of equitable tolling. *See* Report and Recommendation [Doc. 6], at 5-6.

**IT IS FURTHER ORDERED** that considering the record in this case and the requirements of 28 U.S.C. § 2254, the court finds that a certificate of appealability be and hereby is **DENIED.**

Lake Charles, Louisiana, this 25 day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6