UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

FELICIANO ARMIJO, JR.                     *    CIVIL ACTION NO.  13-cv-3098
                                          *
                                          *
v.                                        *    JUDGE MINALDI
                                          *
                                          *
BURL CAIN, WARDEN LOUISIANA               *
STATE PENITENTIARY                        *    MAGISTRATE JUDGE KAY
**************************************************************************

## MEMORANDUM ORDER

Before the court is a Motion for Relief from Judgment (Rec. Doc. 12) filed by Feliciano

Armijo, Jr., seeking to overturn this court's judgment entered on January 29, 2015 (Rec. Doc. 8),

denying Petitioner's writ of habeas corpus as time-barred. For the following reasons, Petitioner's

motion is **DENIED**.

Petitioner Armijo was convicted of aggravated rape and aggravated incest after a jury

trial, and he was sentenced to life imprisonment for aggravated rape and fifteen years at hard

labor for aggravated incest on September 25, 2007.[1] After exhausting his conviction appeal, he

filed an application for post-conviction relief in the Thirty-Third Judicial District Court on June

22, 2010, which was denied.[2] Armijo filed his writ of habeas corpus in this court on November

15, 2013, and the petition was denied because the AEDPA one-year statute of limitations had

already passed at the time of filing.[3] He now seeks relief from this judgment pursuant to FED. R.

CIV. P. 60(b), claiming ineffective assistance of counsel because his attorney failed to file his

petition in a timely manner.[4]

---

[1] Pet. For Writ of Habeas Corpus (Rec. Doc. 1), at 1.
[2] *Id.* at 2-3.
[3] Mem. Order (Rec. Doc. 8).
[4] Mot. for Relief from J. (Rec. Doc. 12), at 3.

Rule 60(b) allows for relief from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court . . . ." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). Petitioner's argument that the untimely filing of the writ of habeas corpus was a result of ineffective assistance of counsel is insufficient to warrant relief under Rule 60(b), especially in light of the extended amount of time that lapsed before his original application for post-conviction relief was filed. Therefore,

**IT IS ORDERED** that the motion is **DENIED**.

Lake Charles, Louisiana, this day of , 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE